**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4506
_____

UNITED STATES OF AMERICA

v.

LUIS CARRION-SOTO,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 1-06-cr-00906-001)
District Judge: Honorable Jerome B. Simandle, Chief Judge
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2013
_____

Before: FUENTES, COWEN and BARRY, Circuit Judges

(Opinion Filed: October 22, 2013)
_____

OPINION
_____

BARRY, Circuit Judge:

    Luis Carrion-Soto appeals the judgment of the District Court sentencing him to

262 months' imprisonment.  His counsel filed a motion to withdraw and supporting brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-

frivolous issues for appeal. We will affirm the judgment of sentence and grant counsel's motion to withdraw.

## I.

Carrion-Soto was convicted following a jury trial of one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine and heroin. The District Court sentenced him to 270 months' imprisonment, towards the low end of the guidelines range of 262 to 327 months. No departure motions were filed. The Court considered the 18 U.S.C. § 3553(a) factors, and determined that a within-guidelines sentence was appropriate, acknowledging that while Carrion-Soto's attempt to cooperate was of no value to the government, he should still receive the benefit of some leniency for that attempt.

Carrion-Soto appealed the judgment on the ground that the District Court erred in denying his pre-trial motion to suppress heroin seized from his personal suitcase located in the trunk of the car in which he was traveling at the time of his arrest. A panel of this Court agreed that it was error to deny his suppression motion, but upheld his conviction, finding that the admission of the heroin into evidence was harmless for purposes of trial. *United States v. Carrion-Soto*, 493 F. App'x 340, 343 (3d Cir. 2012). Nevertheless, we vacated the sentence and remanded, noting that while the District Court found that the heroin did not change the guidelines range, and it could "probably consider the presence of the heroin for sentencing in any event," it was appropriate to remand "to give the [District Court] an opportunity to decide if it would have imposed the same sentence if

Carrion-Soto had only been convicted of the cocaine charged . . . and not the cocaine and heroin charged . . . ." *Id*. at 344.

On resentencing, the District Court observed that the presence of the heroin had very little, if any impact, on the sentence originally imposed. Nevertheless, it considered the possibility that the heroin might have had a slight impact on the sentence and settled on an eight-month reduction. The Court reiterated its earlier findings concerning the 3553(a) factors, reached similar conclusions regarding the appropriateness of a sentence at the low end of the guidelines range, and reduced Carrion-Soto's sentence to 262 months, the bottom of the applicable guidelines range. [1]  This appeal followed.

---

[1] The District Court explained as follows:

> I've reviewed the [original sentencing] transcript, I've reviewed the colloquy that we had all morning in the sentencing as well, and the heroin is barely mentioned and it wasn't on my mind. What drove this sentence was 30 kilograms of cocaine plus obstruction of justice. What mitigated the sentence slightly—I think I used the word a couple of times—was the unsuccessful attempt or intent of [Carrion-Soto] to cooperate. I also made the finding that the cooperation was of no value to the Government and so only slight credit would be given.

A. 64-65. Nevertheless, the Court considered the possibility that the heroin may have had some, albeit marginal, impact, and gave the defendant the benefit of the doubt:

> To answer directly the question that the Third Circuit has directed me to consider, I would say that the presence of the heroin in the case played a slight role in the sentencing, but I would also say that the dominant driver of this sentence was the enormous quantity of cocaine, the defendant's obstruction of justice, his unrepentant attitude at the time, so that the guideline range was the center of gravity and that guideline range was determined by the cocaine. But there will be an 8-month reduction from the sentence that I had previously imposed. In doing so I think I'm giving [Carrion-Soto] the benefit of the doubt. I just don't see any reference to

3

## II.

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). With respect to the first requirement:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id.* (internal citations omitted). When reviewing the record for non-frivolous issues, we generally confine our scrutiny to those portions of the record identified by an adequate *Anders* brief.[2]

Counsel has satisfied his obligation to conduct a "conscientious examination" of the case. Counsel summarized both the original sentencing and the resentencing hearings in detail, and concluded that the District Court's revised sentence relied on the applicable

---

this 125 grams of heroin or its 1 kilogram equivalent in a way that suggests to me that it was driving my thinking at the time.
A. 75.

[2] Carrion-Soto did not file a *pro se* brief.

4

§ 3553(a) factors, was supported by the facts and circumstances of the case, and was procedurally and substantively reasonable. Accordingly, counsel concluded that there are no non-frivolous issues on appeal.

Our independent review confirms this conclusion. The District Court thoroughly addressed the issues set forth in our remand for resentencing and imposed a procedurally and substantively reasonable sentence.

### III.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw. We also conclude, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for the purposes of counsel filing a petition for a writ of certiorari in the Supreme Court of the United States.